UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARQUIS LABRON SMITH, | ) | CASE NO. ED CV 10-00783 VBF (RZ) |
| Petitioner, | ) | ORDER TO SHOW CAUSE |
| | ) | RE TIMELINESS |
| vs. | ) | |
| M. D. McDONALD, Warden, | ) | |
| Respondent. | ) | |

The Court issues this Order To Show Cause directed to Plaintiff because the face of the petition suggests that the action may be time-barred.

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a portion of which established a one-year statute of limitations for bringing a habeas corpus petition in federal court. 28 U.S.C. § 2244(d). In most cases, the limitations period commences on the date a petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1). The limitations period will start instead on one of the following dates, whichever is latest, if any of them falls after the petitioner's conviction becomes final: the date on which a State-created impediment – itself a violation of Constitutional law – was removed; the date on which a newly-recognized Constitutional right was established; or the date on which the factual predicate for the claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

The time spent in state court pursuing collateral relief in a timely manner is excluded, *see* 28 U.S.C. § 2244(d)(2), and the courts have held that the statute also is subject to equitable tolling. *See Harris v. Carter*, 515 F.3d 1051, 1054 n.5 (9th Cir. 2008).

The current petition was filed on May 27, 2010. From the face of the petition and from judicially-noticeable materials, the Court discerns as follows:

(a)     On October 13, 2005, a San Bernardino County Superior Court jury convicted Petitioner of second-degree murder, plus various drug and weapons crimes. Pet. ¶¶ 1-2. He "was sentenced to prison for 11 years, plus 15 years to life plus 25 years to life." *People v. Smith*, No. E039638, 2007 WL 2040612 (Cal. App. 4th Dist., Div. 2, 2007) at *1.

(b)     Petitioner appealed, but the California Court of Appeal affirmed on July 17, 2007. Petitioner did not file a timely petition in the California Supreme Court for further direct review. Pet. ¶¶ 3, 4. The intermediate appellate court's decision became final 30 days after issuance, on August 16, 2007. *See* CAL. R. CT. 8.264(b)(1). Petitioner had until ten days thereafter to file a petition in the California Supreme Court for further direct review, *see* CAL. R. CT. 8.500(e)(1), but he did not do so. On September 12, 2007, Petitioner's counsel presented an application for leave to file an untimely appeal, citing counsel's miscommunication with his printing and binding service. *See* Pet. ¶ 5 & unlabeled exhibits. The California Supreme Court denied the application on September 18, 2007. *See* letter from Clerk, Cal. Supreme Ct. (unlabeled exhibit to petition).

(c)     Petitioner apparently did not seek *certiorari* in the United States Supreme Court. His conviction therefore became final on November 14, 2007, 90 days after the Court of Appeal's decision itself became final. This is because Petitioner had 90 days to seek *certiorari* in the United States Supreme Court. *See* SUP. CT. R. 13.1.

(d)     On April 10, 2008 – the 148th day after Petitioner's conviction became final – Petitioner filed a habeas petition in the trial court, asserting ineffectiveness of counsel.  (The pendency of that state-court challenge tolled Petitioner's federal time limit for seeking habeas relief in this Court.   28 U.S.C. § 2244(d)(2).)  The trial court denied relief on April 18, 2008.  *See* Pet. ¶ 6(a); docket in *In re Marquis L. Smith*, San Bernardino County Sup. Ct. No. SWHSS800173.   Petitioner's AEDPA one-year limitations period began running again at that time, with 218 days remaining.

(e)     209 days later, on November 13 – with only nine days remaining of his 365-day AEDPA limitations period – Petitioner filed another habeas petition, this time in the California Supreme Court.   (While that petition was pending, Petitioner also filed papers in this Court seeking an extension of his time to seek federal habeas relief.  Because he presented no "case" or "controversy" as required to supply subject-matter jurisdiction, this Court dismissed the matter without prejudice on December 1, 2008.  *See generally* docket in *Smith v. Warden*, No. ED CV 08-1684 VBF (RZ).)  The state supreme court denied relief on May 13, 2009.  Pet. ¶ 6(b).  The AEDPA limitations period began to run again.

\* \* \* \* \*

Unless this Court has miscalculated the limitations period, or some form of additional tolling applies in sufficient measure, this action is time-barred.  It became stale after May 22, 2009, nine days after the California Supreme Court rejected his habeas petition.  But even if Petitioner had had his entire one-year AEDPA period remaining when the California Supreme Court denied his last state-court challenge on May 13, 2009, then the current action still would be untimely, for Petitioner did not sign the current petition until May 17, 2010, over a year later.

No basis appears in the petition for a later AEDPA-limitations-period starting date.  Nor does the face of the petition disclose any basis for equitable tolling.  *See Pace*

*v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005) (equitable tolling of AEDPA statute requires petitioner to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way"), *quoted in Harris, supra*, 515 F.3d at 1054-55.  On the contrary, it appears Petitioner was aware of his trial and appellate counsel's alleged shortcomings by November 2007, yet he did not first seek habeas relief until over four months later.  Perhaps worse, after the trial court denied his first habeas petition, Petitioner did not take any further court action for seven months, after which delay he sought habeas relief in the California Supreme Court. Finally, it seems unlikely that a "diligent" petitioner would wait a full year after *that* court's rejection to file a petition in *this* Court.

This Court may raise *sua sponte* the question of the statute of limitations bar, so long as it gives Petitioner an opportunity to be heard on the matter.  *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001).  Accordingly, Petitioner shall show cause in writing why this action should not be dismissed as being barred by the one-year statute of limitations. Petitioner shall file his response to the Court's Order to Show Cause not later than 21 days from the filing date of this Order.

If Petitioner does not file a response within the time allowed, the action may be dismissed for failure to timely file, and for failure to prosecute.

IT IS SO ORDERED.


DATED:     June 3, 2010


_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE

-4-